IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE HOPE COLLEGE DATA SECURITY BREACH LITIGATION | Case No: 1:22-cv-01224-PLM<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Before the Court is Plaintiffs Jennie Devries, Tricia Garnett, Mark Cyphers, Timothy Drost, Joseph Rodgers, Emily Damaska, and Elise Carter's (collectively, "Plaintiffs") Unopposed Motion for Preliminary Approval of the Class Action Settlement (the "Motion"), brought individually and on behalf of those similarly situated. The Court, having considered the Motion, the supporting Brief, the Parties' Settlement Agreement dated September 8, 2023 (the "Settlement Agreement" – attached to the Declaration of Benjamin F. Johns in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement), including the proposed Long Notice, Short Notice, and Claim Form (attached as Exhibits D, F, and A, respectively, to the Settlement Agreement); the pleadings and other papers filed in this Action; and the statements of counsel and the Parties, and for good cause shown hereby grants the motion as follows:

1

## Preliminary Approval of Settlement Agreement

1. Unless otherwise defined herein, all terms that are capitalized herein shall have the meanings ascribed to those terms in the Settlement Agreement.

2. This Court has jurisdiction over the Litigation, Plaintiffs, all Settlement Class Members, and Defendant Hope College.

3. The Court finds that the proposed Settlement set forth in the Settlement Agreement is sufficiently fair, reasonable and adequate such that it is hereby preliminarily approved and notice of the settlement should be provided to the Settlement Class Members and that a hearing shall be held as set forth below.

## Class Certification

4. Solely for purposes of the Settlement, the Court conditionally certifies the following class pursuant to Fed. R. Civ. P. 23(a) and (b)(3) ("Settlement Class"):

> all natural persons whose Personal Information was compromised in the Data Breach that was discovered by Hope College on or around September 27, 2022.

5. Excluded from the Settlement Class are: (1) the Judges presiding over the Action and members of their immediate families and their staff; (2) Hope College, its subsidiaries, parent companies, successors, predecessors, and any entity in which Hope College or its parents, have a controlling interest, and its current or former officers and directors; (3) natural persons who properly execute and submit a Request for Exclusion prior to the expiration of the Opt-Out Period;

and (4) the successors or assigns of any such excluded natural person.

6. Subject to final approval of the Settlement, the Court finds and concludes for settlement purposes only that the prerequisites to a class action, set forth in Fed. R. Civ. P. 23(a) and (b), are satisfied in that:

 a. the Settlement Class is so numerous that joinder of all members is impracticable;

 b. there are questions of law or fact common to the Settlement Class;

 c. Plaintiffs and Settlement Class Counsel (as defined below) fairly and adequately represent the Settlement Class;

 d. the claims of Plaintiffs are typical of those of Settlement Class Members;

 e. common issues predominate over any individual issues affecting the members of the Settlement Class;

 f. Plaintiffs fairly and adequately protect and represent the interests of all members of the Settlement Class, and Plaintiffs' interests are aligned with the interests of all other members of the Settlement Class; and

 g. settlement of the Litigation on a class-action basis is superior to other means of resolving this matter.

7. The Court appoints Benjamin F. Johns of Shub & Johns LLC as Settlement Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

8. The Court hereby appoints Plaintiffs Jennie Devries, Tricia Garnett, Mark Cyphers, Timothy Drost, Joseph Rodgers, Emily Damaska, and Elise Carter

3

as the Class Representatives, for settlement purposes only, on behalf of the Settlement Class.

### Notice to Settlement Class Members

9. Pursuant to Federal Rule of Civil Procedure 23(e), the Court approves the Long Notice and the Short Notice (the "Settlement Notices"), attached as Exhibits D and F, respectively, to the Settlement Agreement, and finds that the dissemination of the Settlement Notices substantially in the manner and form set forth in § 6 of the Settlement Agreement complies fully with the requirements of the Federal Rule of Civil Procedure 23 and due process of law, and is the best notice practicable under the circumstances.

10. The Court further approves the Claim Form, substantially similar to Exhibit A to the Settlement Agreement, which will be available both on the Settlement Website and by request.

11. The notice procedures described above are hereby found to be the best means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement Agreement and the Final Approval Hearing to all persons affected by and/or entitled to participate in the Settlement Agreement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

12. The Court hereby orders that, within fourteen (14) days of entry of

this Order, Hope College shall provide to the Settlement Administrator the contact information of Settlement Class Members, including names and physical addresses, that is currently in Hope College's possession.

13. No later than thirty-five (35) days from the date of this Order preliminarily approving the Settlement ("Notice Commencement Date"), Settlement Class Counsel shall cause the Settlement Administrator to send via U.S. mail the Short Notice to each Settlement Class member and shall cause to be published the Long Notice, thereby making it available to the rest of the Settlement Class as stated in the proposed Notice Plan.

14. Contemporaneously with seeking Final Approval of the Settlement, Settlement Class Counsel and Hope College shall cause to be filed with the Court an appropriate affidavit or declaration from the Settlement Administrator with respect to complying with the Notice Plan.

15. All costs incurred in disseminating and otherwise in connection with the Settlement Notices shall be paid from the Settlement Fund.

16. The Settlement Notices and Claim Form satisfy the requirements of due process and of Rule 23(e) of the Federal Rules of Civil Procedure and thus are approved for dissemination to the Settlement Class. The Claim Form shall be made

available to the Settlement Class as set forth on the Notice Plan and shall be made available to any potential Class Member that requests one.

**Settlement Class Members Responses and Scheduling Final Approval Hearing**

17. Settlement Class Members may opt-out or object up to sixty (60) days from the Notice Commencement Date (the "Opt-Out Deadline").

18. Any member of the Settlement Class who or that wishes to be excluded ("opt out") from the Settlement Class must send a written request to the designated Post Office Box established by the Settlement Administrator postmarked on or before the Opt-Out Deadline. Members of the Settlement Class may not opt-out of the Settlement by submitting requests to opt-out as a group or class, but must in each instance individually and personally sign and submit an opt-out request. All Settlement Class Members that opt-out of the Settlement will not be eligible to receive any benefits under the Settlement, will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their ability to independently pursue any claims they may have against Hope College.

19. Any member of the Settlement Class who does not properly and timely opt-out of the Settlement shall, upon entry of the Order and Final Judgment, be bound by all the terms and provisions of the Settlement Agreement and Release, whether or not such Settlement Class Member objected to the Settlement and

whether or not such Settlement Class Member received consideration under the Settlement Agreement.

20.     The Court adopts the following schedule for the remaining events in this case, which ensures that the appropriate state and federal officials are served with the notification required by the Class Action Fairness Act:

| Event | Date |
| --- | --- |
| Hope College provides CAFA Notice required by 28 U.S.C. § 1715(b) | Within 10 days after the filing of this Motion |
| Hope College to provide contact information for Settlement Class Members to Settlement Administrator | Within 14 days after entry of Preliminary Approval Order |
| Notice Program commences | Within 35 days after entry of Preliminary Approval Order |
| Notice Program concludes | Within 45 days after entry of Preliminary Approval Order |
| Compliance with CAFA Waiting Period under 28 U.S.C. § 1715(d) | 90 days after the appropriate governmental officials are served with CAFA Notice |
| Postmark deadline for Request for Exclusion (Opt-Out) or Objections | 60 days after commencement of Notice Program |
| Deadline to file Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards | No later than 14 days prior to the Objection Deadline |
| Deadline to file Plaintiffs' Motion for Final Approval of the Settlement Agreement | No later than 14 days prior to the Final Fairness Hearing |
| Postmark / Filing Deadline for Filing Claims | 90 days after commencement of the Notice Program |

7

| Deadline for Plaintiffs to file any Response to Objections or Supplement to Motion for Final Approval | No later than 7 days prior to the Final Fairness Hearing |
|---|---|
| Deadline for Settlement Administrator to File or Cause to be Filed, if Necessary, a Supplemental Declaration with the Court | At least 5 days prior to the Final Fairness Hearing |
| Final Approval Hearing | To be set by the Court and held at the United States District Court for the Western District of Michigan, 137 Federal Bldg, 410 W. Michigan Ave, Kalamazoo, MI 49007, in Courtroom ___ – ___ Floor and/or by virtual attendance, details of which to be provided before the Final Approval Hearing on the Settlement Website. |

21.  A hearing on the Settlement (the "Final Approval Hearing") shall be held before this Court on a date set by the Court.

22.  At the Final Approval Hearing, the Court will consider (a) the fairness, reasonableness, and adequacy of the proposed class Settlement and whether the Settlement should be granted final approval by the Court; (b) dismissal with prejudice of the Litigation; (c) entry of an order including the Release; (d) entry of the Final Approval Order; and (e) entry of final judgment in this Litigation. Settlement Class Counsel's application for award of attorney's fees and costs and request for the court to award a service award to the named Plaintiffs shall also be heard at the time of the hearing.

23.  The date and time of the Final Approval Hearing shall be subject to

adjournment by the Court without further notice to the members of the Settlement Class, other than that which may be posted by the Court. Should the Court adjourn the date for the Final Approval Hearing, that shall not alter the deadlines for mailing and publication of notice, the Opt-Out deadline, or the deadlines for submissions of settlement objections, claims, and notices of intention to appear at the Final Approval Hearing unless those dates are explicitly changed by subsequent Order. The Court may also decide to hold the hearing via zoom or telephonically. Instructions on how to appear at the Final Approval Hearing will be posted on the Settlement Website.

24. Any person or entity who or which does not elect to be excluded from the Settlement Class may, but need not, enter an appearance through its own attorney. Settlement Class Members that do not timely object or opt out and that do not have an attorney enter an appearance on their behalf will be represented by Settlement Class Counsel.

25. Any person or entity who or which does not elect to be excluded from the Settlement Class may object to the proposed Settlement. Any Settlement Class Member may object to, among other things, (a) the proposed Settlement, (b) entry of Final Approval Order and the judgment approving the Settlement, (c) Settlement Class Counsel's application for fees and expenses, or (d) the service award request, by mailing a written objection, with a postmark date no later than the Objection

Date, to Settlement Class Counsel and Hope College's counsel. The Settlement Class Member making the objection (the "Objector") or his or her counsel may also file an objection with the Court through the Court's Electronic Court Filing ("ECF") system, with service on Settlement Class Counsel and Hope College's Counsel made through the ECF system. For all objections mailed to Settlement Class Counsel and counsel for Hope College, Settlement Class Counsel will file them with the Court with the Motion for Final Approval of the Settlement.

26. The Objector's objection must be either (1) filed with the Court no later than sixty (60) days after the Notice Commencement Date or (2) mailed to Settlement Class Counsel and Hope College's counsel, with a postmark date of no later than sixty (60) days after the Notice Commencement Date. To be valid, the objection must include: (i) the Objector's full name and address; (ii) the case name and docket number, *In Re Hope College Data Security Breach Litigation*, Case No. 1:22-cv-01224-PLM (W.D. Mich.); (iii) information identifying the Objector as a Settlement Class Member, including proof that the Objector is a member of the Settlement Class (e.g., copy of the Objector's settlement notice, copy of original notice of the Data Incident, or a statement explaining why the Objector believes he or she is a Settlement Class Member); (iv) a written statement of all grounds for the objection, accompanied by any legal support for the objection the Objector believes applicable; (v) the identity of any and all counsel representing the

Objector in connection with the objection; (vi) a statement whether the Objector and/or his or her counsel will appear at the Final Fairness Hearing; and (vii) the Objector's signature or the signature of the Objector's duly authorized attorney or other duly authorized representative (if any) representing him or her in connection with the objection.

27. Only Settlement Class Members that have filed and served valid and timely notices of objection shall be entitled to be heard at the Final Approval Hearing. Any Settlement Class Member who does not timely file and serve an objection in writing in accordance with the procedure set forth in the Class Notice and mandated in this Order shall be deemed to have waived any objection to (a) the Settlement; (b) the Release; (c) entry of Final Approval Order or any judgment; (d) Settlement Class Counsel's application for fees, costs, and expenses; and/or (e) the service award request for the named Plaintiffs, whether by appeal, collateral attack, or otherwise.

28. Settlement Class Members need not appear at the hearing or take any other action to indicate their approval of the Settlement.

29. Upon entry of the Order and Final Judgment, all members of the Settlement Class that have not personally and timely requested to be excluded from the Settlement Class will be enjoined from proceeding against Hope College with respect to all of the Released Claims.

30. Hope College shall cause to be prepared and sent all notices that are required by the Class Action Fairness Act of 2005 ("CAFA") as specified in 28 U.S.C. § 1715. The costs associated with providing notice under CAFA shall be paid from the Settlement Fund.

31. Settlement Class Counsel and counsel for Hope College shall cooperate promptly and fully in the preparation of such notices, including providing Hope College with any and all information in its possession necessary for the preparation of these notices. Hope College shall provide, or cause to be provided, courtesy copies of the notices to Settlement Class Counsel for the purpose of implementing the settlement. Hope College shall provide notice to Settlement Class Counsel of compliance with the CAFA requirements within ten (10) days of providing notice to Attorneys General under CAFA.

### Administration of the Settlement

32. The Court hereby appoints the settlement administrator proposed by the Parties, Epiq Class Action & Claims Solutions, Inc. ("Epiq" or "Settlement Administrator"). Responsibilities of the Settlement Administrator shall include: (a) establishing a post office box for purposes of communicating with Settlement Class Members; (b) disseminating notice to the Class; (c) developing a website to enable Settlement Class Members to access documents; (d) accepting and maintaining documents sent from Settlement Class Members relating to settlement

administration; and (e) distributing settlement checks to Settlement Class Members. Pursuant to the Settlement Agreement, the Settlement Administrator and costs of administration shall be paid from the Settlement Fund.

33. In the event the Settlement Agreement and the proposed Settlement are terminated in accordance with the applicable provisions of the Settlement Agreement—the Settlement Agreement, the proposed Settlement, and all related proceedings shall, except as expressly provided to the contrary in the Settlement Agreement, become null and void, shall have no further force and effect, and Settlement Class Members shall retain all of their current rights to assert any and all claims against Hope College and any other Released Entity, and Hope College and any other Released Entities shall retain any and all of their current defenses and arguments thereto (including but not limited to arguments that the requirements of Fed. R. Civ. P. 23(a) and (b)(3) are not satisfied for purposes of continued litigation). The Litigation shall thereupon revert forthwith to its respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed.

34. Neither this Order nor the Settlement Agreement nor any other settlement-related document nor anything contained herein or therein or contemplated hereby or thereby nor any proceedings undertaken in accordance with

13

the terms set forth in the Settlement Agreement or herein or in any other settlement-related document, shall constitute, be construed as or be deemed to be evidence of or an admission or concession by Hope College as to the validity of any claim that has been or could have been asserted against it or as to any liability by it as to any matter set forth in this Order, or as to the propriety of class certification for any purposes other than for purposes of the current proposed Settlement.

**IT IS SO ORDERED.**

Dated: January 3, 2024

/s/ Paul L. Maloney
_____
The Honorable Paul L. Maloney
United States District Court Judge